- FOR PUBLICATION -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-362 |
| NELVING CASTRO | |

**OPINION**

On June 9, 2016, Defendant Nelving Castro ("Castro") pled guilty to violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, that carry a maximum sentence of ten years or more. At the conclusion of the change of plea hearing, the Government moved to detain Castro pending sentencing pursuant to 18 U.S.C. § 3143. Castro asserts that there are "exceptional reasons" why he should not be detained, and asks this Court to continue his bail conditions pursuant to 18 U.S.C. § 3145(c).

**I.      LEGAL STANDARD**

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143(a)(2), which states that a district court "shall order" that a person who has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C)[1] be detained pending sentencing. The court may release such a defendant if it finds by clear and convincing evidence that he is unlikely to flee or pose a danger to others and he falls into one of the following categories: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (2) the Government has recommended a sentence of no imprisonment. *See* 18 U.S.C. § 3143(2). In this case, the defendant has pled guilty, thus there is no motion for acquittal or a new trial, nor has the

---

[1] The reference to Section 3142(f)(1)(C) ("Release or Detention of a Defendant Pending Trial") is made to identify the offenses that trigger mandatory pre-sentencing detention; in this case, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." 18 U.S.C. § 3142(f)(1)(C).

Government recommended a sentence of no imprisonment. However, Castro argues that he should not be detained pending sentencing because pursuant to Section 3145(c) of the statute he may be released via an "appeal" from a detention order if he can clearly show that there are exceptional reasons why detention is inappropriate and, he argues, he can so show. 18 U.S.C. § 3145(c). There are, thus, two questions for the Court. The first is whether defendant's request to remain on bail rather than to be detained constitutes an "appeal" under Section 3145(c). The second is, it is it, has Castro shown that there are exceptional reasons that warrant keeping him out of detention pending his sentencing.

## II.     DISCUSSION

Castro argues that he should be released pursuant to Section 3145(c) because he is the sole provider for his family and because his children have been negatively affected by his imminent incarceration. In response, the Government argues that Castro has failed to show that he is unlikely to flee or pose a danger to the community, or that his reasons are exceptional. Both parties acknowledge the dearth of case law in this area, as well as the lack of guidance from the Third Circuit as to whether a district court may even hear an "appeal" under Section 3145(c).

### A. Authority of the District Court

Before touching on the merits of Castro's argument, there is, thus, the more immediate issue of whether he may invoke Section 3145(c) before this Court at all. The majority of circuit courts have concluded that Section 3145(c) permits district courts to hear the appeal and release a defendant. *See e.g.*, *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam); *United States v. Herrera-Soto,* 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. Jones,* 979 F.2d 804, 806 (10th Cir. 1992) (per curiam); *see also United States v. Koon,* 6 F.3d 561, 562 (9th Cir. 1993) (Rymer, J., concurring in denial of en banc review). However, a

number of district courts[2] have held that Section 3145(c) is only available to appellate – or reviewing – courts. *See e.g.*, *In re Sealed Case,* 242 F.Supp.2d 489 (E.D. Mich. 2003); *United States v. Nesser,* 937 F.Supp. 507, 509 (W.D. Pa. 1996) ("we will not consider [the defendant's] 'exceptional reasons' argument for bail . . . Congress reserved this task for the court of appeals"); *United States v. Salome,* 870 F.Supp. 648, 652 (W.D. Pa. 1994) ("the jurisdiction established by § 3145 is appellate jurisdiction"). As the Third Circuit has not addressed the authority of the district court to hear an appeal from a detention order under Section 3145(c), the Court examines the statute for guidance. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003) ("the starting point for our analysis is the statutory test"). It reads:

> **Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C.A. § 3145(c). As used in this section, "'judicial officer' means, unless otherwise indicated, any person or court authorized . . . to detain or release a person before trial or sentencing." 18 U.S.C. § 3156(a)(1). Although some courts have interpreted this to include district court judges, *see e.g.*, *United States v. Goforth*, 546 F.3d 712, 714-15 (4th Cir. 2008), a close review of the structure of the statute leads this Court to a different conclusion.

---

[2] The courts of the Eastern District of Pennsylvania have not taken a firm position either way. *See e.g. United States v. Lieberman*, 496 F.Supp.2d 584 (E.D. Pa. 2007) (Robreno, J.) (assuming for the purposes of a decision "that a district court has the authority to apply the 'exceptional reasons' provision of 18 U.S.C. 3145(c)"); *United States v. Gagliardi*, Crim. A. No. 04-796, 2008 WL 155057 (E.D. Pa. Jan. 14, 2008) (Padova, J.) (assuming, without discussing, that a district court has the authority to hear an appeal pursuant to 18 U.S.C. 3145(c)).

At the outset, Section 3145(c) is titled "Appeal from a release or detention order." 18 U.S.C. § 3145(c); *see also INS v. National Ctr. for Immigrants' Rights, Inc.,* 502 U.S. 183, 189 (1991) ("the title of a statute or section can aid in resolving an ambiguity in the legislation's text"); *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) ("the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute"). "By definition, a court cannot hear an appeal from its own order." *United States v. Chen*, 257 F.Supp.2d 256, 260 (S.D.N.Y. 2003). Further, Section 3145(c) states that these appeals are governed by 28 U.S.C. § 1291, which grants jurisdiction to courts of appeals over final decisions of the district courts, and by 18 U.S.C. § 3731, which provides that appeals by the United States from a district court "shall lie to a court of appeals." Thus, if detention is ordered initially by the district court, as in this case, Section 3145(c) is applicable on appeal to the circuit court. *See United States v. Bloomer*, 791 F.Supp. 100, 102 (D. Vt. 1992) ("we think that § 3145(c) by its very provisions applies exclusively to reviewing courts and not to the court which initially ordered release or detention").

Moreover, Section 3145 provides for limited review by the district courts in its other subsections: subsection (a) governs a district court's "review" of an order of release entered by "a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. § 3145(a). Subsection (b) is the analogous provision providing for review of an order of detention. *See id.* § 3145(b). In contrast, subsection (c) governs an "*appeal* from a release or detention order, or from a decision denying revocation or amendment of such an order." *Id.* § 3145(c) (emphasis added). The deliberate use of the word "appeal" in place of "review" weighs heavily in favor of reading section 3145(c) to apply only to appellate situations.

4

If the text of Section 3145(c) and its placement within Section 3145 are insufficient to compel the conclusion that this Court lacks the authority to hear a Section 3145(c) appeal, the Federal Rules of Criminal Procedure leave no doubt. The rule governing "Release from Custody," applicable to the district courts, provides:

> **Pending Sentence and Notice of Appeal.** Eligibility for release pending sentence or pending notice of appeal or expiration of the time allowed for filing notice of appeal, shall be in accordance with 18 U.S.C. § 3143.

Fed. R. Crim. P. 46(c). Meanwhile, Federal Rule of Appellate Procedure 9 ("Release in a Criminal Case"), applicable to the courts of appeals, provides:

> **Criteria for Release.** The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, *and* 3145(c).

Fed. R. App. P. 9(c) (emphasis added). The plain reading of these rules is that a district court considering release pending sentence is to look *only* at Section 3143, while a court of appeals should look at Sections 3143 *and* 3145(c). Accordingly, this Court may not consider Castro's argument for release for "exceptional reasons" pursuant to Section 3145(c).

## B. "Exceptional Reasons"

Alternatively, even assuming that District Courts have authority to release a defendant under Section 3145(c) release is contingent on a defendant's: (1) clear showing of exceptional reasons as to why detention would be inappropriate; and (2) demonstrating by clear and convincing evidence that he is unlikely to flee or pose a danger to the community. *See* 18 U.S.C. §§ 3143(a)(1)-(b)(1); 3145(c). In his letter to the Court, Castro notes that he is the sole source of support for his family, that his son has sought counseling in anticipation of his incarceration, and that his daughter is "too young to understand" the consequences of his plea. Moreover, Castro

5

argues, his ability to continue working and generate lawful income is exceptional for a narcotics case.

The statute does not define "exceptional reasons" and the Third Circuit has not provided any guidance on the issue. The plain meaning of exceptional is "out of the ordinary course, unusual, special." *Exceptional*, Oxford English Dictionary (2nd ed. 1989). Although courts have struggled to define the term, they have consistently found that mere personal reasons, including caring for a family or maintaining gainful employment, are not exceptional reasons. *See, e.g., United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir. 1993) ("compliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons'"); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("[t]here is nothing exceptional about going to school, being employed, or being a first-time offender, either separately or in combination"). After all, personal hardships are a likely consequence of the criminal justice system. *Id.* at 849 ("personal family hardships are very common and occur in a great number of cases"); *see also United States v. Lippold*, 175 F.Supp.2d 537, 541 (S.D.N.Y. 2001) ("[a]lthough the need to follow Congress' mandate regrettably results in separating [the defendant] from his family and work, such is the case with every defendant facing a custodial sentence"). The district court in *United States v. Burnett*, 76 F.Supp.2d 846, 850 (E.D. Tenn. 1999) aptly observed the disparity that would be created if family hardships were considered exceptional: "defendants committing the same offenses would be treated disparately for reasons unrelated to their crimes or personal character. A drug trafficker with no family would immediately go to jail while a drug trafficker convicted of the same offense with a family would remain on bail."

By contrast, a serious or fatal illness affecting the defendant or an immediate family member, an unusual level of cooperation with the Government, or significantly less culpability than that of the typical offender, could arguably all be "exceptional" reasons why detention would be inappropriate.  *See United States v. Garcia,* 340 F.3d 1013, 1019-22 (9th Cir. 2003).  In this case, Castro's personal difficulties do not rise to such a level.

Accordingly, even if this Court had authority under Section 3145(c) which it does not, Castro has not met the requirements of Section 3145(c) and his request for release pending sentencing must be denied.

**DATE: 06/23/2016**

        **BY THE COURT:**

        /s/ Wendy Beetlestone

        _____
        **WENDY BEETLESTONE, J.**